**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| WASEEM DAKER, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 7:20-cv-00043-MTT-CHW |
| | : | |
| Warden SHAWN EMMONS, | : | Proceedings Under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| | : | |

**REPORT AND RECOMMENDATION**

Pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings, it is for the following reasons **RECOMMENDED** that this action be **DISMISSED without prejudice**.

**(a) Background**

This is a consolidated action, one component of which is on remand from the Eleventh Circuit Court of Appeals. The action was filed by Waseem Daker, a serially abusive prisoner–litigant. *See, e.g.*, *Daker v. Comm'r, Ga. Dep't of Corrs.*, 820 F.3d 1278, 1281 (11th Cir. 2016) ("Daker has submitted over a thousand *pro se* filings in over a hundred actions and appeals in at least nine different federal courts").

In this case, one form of abuse taken by Daker was an intermixing of references to Section 2254 (habeas) and Section 1983 (civil rights), which are said to be "mutually exclusive" avenues for relief. *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006). For example, although Daker commenced his prior, now consolidated action by filing a Section 2254 form-petition, and although Daker referenced "habeas corpus" in his case caption, Daker also referenced 42 U.S.C. § 1983 throughout his accompanying brief, and many of Daker's claims advanced issues that, by virtue of their substance, normally are adjudicated under Section 1983. Those issues included alleged free

1

speech and religious exercise violations, alleged deliberate indifference to medical needs, allegedly unlawful conditions of confinement, and a *Sandin*-type due process violation.[1]

This Court perceived Daker's prior pleading as a Section 1983 complaint, applied the three strikes bar applicable in Section 1983 actions, *see* 28 U.S.C. § 1915(g), and ordered a dismissal without prejudice that was upheld on appeal in substantial part. The Eleventh Circuit remanded, however, because Daker could seek release from administrative segregation in a claim under Section 2254, to which the three strikes bar does not apply.

After the Eleventh Circuit issued its order of remand in February 2020,[2] Daker filed new pleadings that persist in referencing both Section 1983 and Section 2254, thereby continuing to flout the Eleventh Circuit's rule of "mutual exclusivity." Daker's new pleadings were also abusive in a new, additional way: Daker lodged materially duplicative filings both in his prior, now-consolidated action, and in this different action. *See* (Doc. 1). *See also Daker v. McLaughlin*, Case No. 5:18-cv-171, CM/ECF Docket No. 26. The Court redressed Daker's duplicative filings by consolidating them.

**(b) <u>Dismissal</u>**

Pursuant to the mandate of the Court of Appeals, the Court must consider Daker's claim for release from administrative segregation under 28 U.S.C. § 2254. The first step in that process is a pre-service review of Daker's habeas claim pursuant to Rule 4 of the <u>Rules Governing Section 2254 Cases in the United States District Courts</u>. Pursuant to that review, Daker's habeas claim, his sole remaining claim, should be dismissed.

The record shows that as of October 2020, Daker now resides at Smith State Prison, located in Tattnall County, Georgia, within the bounds of the Southern District of Georgia. (Doc. 9).

---

[1] *Sandin v. Connor*, 515 U.S. 472 (1995).
[2] *Daker v. Warden*, 805 F. App'x 648 (11th Cir. 2020).

Daker's transfer to this facility raises mootness concerns because it is not presently clear whether Daker remains in Tier II administrative segregation at Smith State Prison. The proper forum for resolving this mootness concern, and for assessing Daker's possible entitlement to habeas relief on the merits, is the Southern District of Georgia. *See* 28 U.S.C. § 2241(a) ("Writs of habeas corpus may be granted by … the district courts … within their respective jurisdictions").

This Court has discretion either to dismiss a habeas action lodged in the wrong forum, or to order a transfer to the proper forum "in furtherance of justice." 28 U.S.C. § 2241(d). Transfer is the norm, but the interests of justice would not be served by a transfer in this case for the following three reasons. First, a transfer of this action would carry with it a complicated, unwieldy administrative history that encompasses the consolidation of two separate district court actions, along with an intervening reversal by the Eleventh Circuit Court of Appeals. To the extent Daker remains confined within Tier II quarters at Smith State Prison, the burdens associated with wading through this case's complicated history would hinder Daker's advancement of, and the Southern District's adjudication of, Daker's request for habeas release from Tier II.

Second, this action has a complicated factual history that is of limited import to Daker's possible, present entitlement to habeas relief. Since his confinement to Tier II quarters in April of 2018,[3] Daker has received regular, 90-day periodic reviews of his continued Tier II confinement. Daker's pleadings describe those reviews, conducted at Macon State Prison and Valdosta State Prison, in detail. (Doc. 1, pp. 48–52). Daker alleges that staff at these facilities failed to provide notice of review hearings, failed to permit Daker to call supporting witnesses, and stymied Daker's attempts to seek further "appellate" review of hearing decisions. While these allegations of past wrongs, if true, could support damages claims in a Section 1983 action, they have little bearing on

---

[3] *See Daker v. McLaughlin*, Case No. 5:18-cv-171, CM/ECF Docket No. 1-1, p. 2.

whether Daker's present custodian, the Warden of Smith State Prison, is similarly failing to afford Daker the minimal measure of procedural protections demanded by due process.

Third, although Daker's sole remaining claim, a "procedural due-process claim relating to his segregation," *Daker v. Warden*, 805 F. App'x 648, 652 (11th Cir. 2020), sounds in habeas, Daker has persisted in intermixing references to both Section 2254 and Section 1983 in his operative pleadings. Daker also has persisted in advancing facts that better support claims for relief under Section 1983, such as Daker's asserted need for Sensodyne toothpaste, or his desire for a longer beard on religious grounds. (Doc. 1, pp. 33–34). By channeling Daker's request for release from Tier II administrative segregation into a new action that sounds exclusively in habeas, this Court may advance the interests of justice by encouraging Daker, once again, meaningfully to obey the Eleventh Circuit's holding that Section 2254 and Section 1983 provide mutually exclusive avenues for relief.

## CONCLUSION

As discussed herein, Waseem Daker's request for habeas relief in the form of a release from administrative segregation at Smith State Prison is properly advanced in the Southern District of Georgia. Additionally, for the reasons describe above, a dismissal of this action, rather than a transfer to the Southern District, would better serve the interests of justice. Therefore, it is **RECOMMENDED** that this consolidated action be **DISMISSED without prejudice**. Further, pursuant to the requirements of Rule 11 of the Rules Governing Section 2254 Cases, it does not appear that Daker has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Accordingly, it is also **RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The District Judge will make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 5th day of January, 2021.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge