IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WASEEM DAKER,

    Petitioner,

v.

WARDEN BRIAN ADAMS,

    Respondent.

CIVIL ACTION NO.: 6:21-cv-40

## ORDER

Presently before the Court are Petitioner Waseem Daker's ("Daker") Objections to the Magistrate Judge's Report and Recommendation, as supplemented. Docs. 32, 35, 36, 37. After an independent and de novo review of the entire record, the Court **OVERRULES** Daker's Objections and **ADOPTS** the Report and Recommendation as the opinion of the Court.

In his Objections, Daker states he asked for his release from segregation/solitary confinement generally in his original and amended 28 U.S.C. § 2254 Petitions, not to be released from Tier II segregation specifically. Doc. 35 at 1–2. Thus, Daker contends the Magistrate Judge erred by stating Daker wanted to be released from Tier II segregation and opining Daker's Petition is moot because he received the relief he requested. Id. at 3. Daker also contends the "very fact" he was returned to segregated confinement on December 4, 2021, is enough to "prevent mootness." Id. at 5. Daker further contends it does not matter why he was placed in segregated confinement on December 4, 2021, only that he was denied due process protections.[1] Id. at 6–7. The remainder

---

[1] The Court need not devote much time to this contention. The reason Daker was placed in segregated confinement in December 2021 plainly matters to the question of mootness. If Daker had been returned to segregated confinement due to violations of the Georgia Department of Corrections' grooming policy—the basis for Daker's Petition in this case—that fact might bear on the exceptions to

of Daker's Objections largely reiterates arguments he made initially and in response to Respondent's Motion to Dismiss. Id. at 8–24. In his Supplemental Declaration, Daker asserts Respondent placed him on Tier II segregation on February 16, 2022, without benefit of a hearing or provision of an appeal form.[2] Doc. 37 at 1.

The Court agrees with and adopts the Magistrate Judge's analysis. Daker has not shown his more recent placement in segregation is a continuation of the challenged conduct here, as the Magistrate Judge observed. Doc. 32 at 11 n.5. Stated another way, Daker had benefit of the cessation of the challenged conduct for nearly a year's time when he was placed in general population at Smith State Prison, and he cannot revive his claims based on the allegations of new, independent conduct in his Supplement. As noted above and by the Magistrate Judge, Daker was in general population for nearly a year before he was again placed in segregation. Daker states in his Supplemental Declaration Respondent placed him back on Tier II segregation on February 16, 2022. Doc. 37 at 1. However, a more than 13-month break in time in Tier II segregation demonstrates Daker's current Petition should not be "revived" at this point. See Gardner v. Mutz, 962 F.3d 1329, 1337 (11th Cir. 2020) (observing the "fundamentally temporal" nature of mootness and noting a case can become moot "due to the march of time or intervening events"). Daker's claim in this action is moot because he received the relief he requested in that he was removed

---

mootness the Magistrate Judge addressed in his Report. In contrast, Daker's assignment to segregation for entirely unrelated reasons, more than a year after being released from segregation, demonstrates his original claim is moot. Indeed, if this case were allowed to proceed, Daker's current assignment to segregation could not be resolved by a ruling on the Petition in this case.

[2] Daker submitted "Supplemental Objections" and a "Supplemental Declaration." Docs. 36, 37. Daker borders on skirting the Magistrate Judge's reminder his Objections were not to exceed 26 pages under this Court's Local Rules. Doc. 34. Daker's Objections are 25 substantive pages. Doc. 35. His supplemental filings are two pages, with only one page being substantive. Doc. 37 at 1.

from administrative segregation for more than a year and was only returned to that assignment based on new conduct.

The Court **OVERRULES** Daker's Objections and **CONCURS** with the Magistrate Judge's Report and Recommendation. Thus, after an independent and de novo review, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court, **GRANTS** Respondent's Motion to Dismiss, **DENIES as moot** Daker's 28 U.S.C. § 2254 Petition, and **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. The Court also **DENIES** Daker *in forma pauperis* status on appeal and a Certificate of Appealability.

**SO ORDERED**, this 10th day of March, 2022.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA